IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVE GOLDSMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-226-GLJ |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion to Serve the Summons and Complaint Out-of-Time [Docket No. 8]. Plaintiff Steve Goldsmith filed this tort claim action against the United States on August 14, 2022, and now requests an Order permitting service of the Summons and Complaint out of time. For the reasons set forth below, the undersigned Magistrate Judge finds that the Plaintiff's motion should be DENIED.

### Procedural History

Plaintiff filed this case on August 14, 2022 and summons were prepared by the Court Clerk on August 15, 2022 [Docket Nos. 1-2, 4-6] but they were not served on Defendant. On December 19, 2022, this case was set for Status and Scheduling Conference for January 13, 2023 [Docket No. 7]. Plaintiff then filed the present motion for leave to file the Summons and Complaint out of time [Docket No. 8].

### Review

Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Here, Plaintiff filed this action on Sunday, August 14, 2022, which therefore required him to serve Defendants within 90 days, or by Monday, November 14. *See* Fed. R. Civ. P. 6(a)(1) (When the period is stated in days[,] exclude the day of the event that triggers the period; count every day[,] and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

In his motion, Plaintiff indicates that he previously filed an action containing substantially similar claims against the United States in Case No. CIV-22-36-EFM on January 31, 2022 ("the original case"). In that case, the Government moved to dismiss in May 2022 following the filing of an Amended Complaint. *See* CIV-22-36-EFM, Docket Nos. 1-2, 14, 16.[1] The undersigned Magistrate Judge notes that on May 31, 2022, District Judge John F. Heil, III, entered a Minute Order finding good cause for delaying the entry of a scheduling order in light of the "significant number of criminal cases awaiting trial due to the COVID-19 pandemic and the decision of the Supreme Court in *McGirt v. United States,* 140 S. Ct. 2452 (2020)." CIV-22-36-EFM, Docket No. 19. The Court further noted that the ability to address the civil docket would be subject to the demands of the criminal

---

[1] "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000)), *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946 (10th Cir. 2001).

docket. *Id.* On November 15, 2022, the original case was reassigned to Chief District Judge Eric F. Melgren, of the District of Kansas, serving by designation. *Id.*, Docket No. 20. The Court then entered an order granting the Government's motion to dismiss on December 22, 2022. *Id.*, Docket No. 21.

Plaintiff states that while the allegations in both the original case and the present case are substantially similar, the claims in the present case were not ripe at the time of the filing of the original case. Additionally, he asserts that he planned to file a joinder motion in this case, to associate with the original case, following the Court's ruling on the motion to dismiss in the original case.[2] Plaintiff readily acknowledges that service is overdue in the present case by over fifty days but asserts that he was waiting for the ruling in the original case before complying with the requirement. He relies on Fed. R. Civ. P. 6(b)(1)(B), which states, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff's arguments focus on asserting good cause based on this deliberate strategic decision to delay accomplishing service pending the entry of a ruling on the Motion to Dismiss in the original case.

Factors to consider in evaluating excusable neglect include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs.*

---

[2] It appears Plaintiff did not contemplate that the Motion to Dismiss might be granted, which would close the original case.

*Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). However, "[d]eliberate tactics do not create excusable neglect. Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party. . . . rather, they are the kinds of mistakes that a party could not have protected against." *United States v. Roibal-Bradley*, 2017 WL 3052523, at *10 (D.N.M. June 20, 2017) (quotations omitted). The undersigned Magistrate Judge therefore finds here that Plaintiff's deliberate decision to not serve the named defendant does not amount to excusable neglect establishing good cause for failing to timely serve Defendant United States. *Cf. Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate.") (*quoting* 7 Moore, Federal Practice ¶ 60–22 [2], p. 60–182).

Where Plaintiff fails to show good cause, the Court nevertheless has the discretion to grant a permissive extension of time. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has identified several factors to guide district courts in determining whether to grant a permissive extension: (i) "if the applicable statute of limitations would bar the refiled action"; (ii) whether "the plaintiff has tried, but failed, to effect service upon the United States"; and (iii) "protect[ing] *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8. Additionally, an extension may be appropriate where the defendant has not been prejudiced. *See Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007).

In arguing in favor of a permissive extension, Plaintiff only notes that Chief Judge Melgren's decision "was published on December 22, 2022 during a time widely referred to as the Holiday Season[,]" and that he waited until January 3, 2023, "the first working day after the end of the Holiday Season" to file his motion for extension of time. *See* Docket No. 8, p. 4. The undersigned Magistrate Judge is not persuaded by this argument. Service of the summons and Complaint was due in this case by Monday, November 14, 2022. Plaintiff had been aware since May 2022 of the backlog in this Court's docket and that there was not even a scheduling order in place in the original case to give an idea of the timeline for the Court's ruling on the pending motion to dismiss. And on November 15, 2022, the original case was reassigned to an entirely different judge, with no further indication of a timeline. Further, while Counsel fails to define the beginning of the "Holiday Season," December 22, 2022 is thirty-eight days after the service deadline and wholly unrelated to the deadlines in this case. Finally, Plaintiff was on notice, at least by December 19, 2022, that *this* case was proceeding as required, based on this Court's entry of an Order setting the Scheduling Conference and requiring a Joint Status Report [Docket No. 7].

While he references *Espinoza* and its factors in his motion, Plaintiff has wholly failed to directly address the *Espinoza* factors. Upon review, the undersigned Magistrate Judge finds the only factor potentially implicated is the first one, namely, whether the statute of limitations would bar the refiled action. However, it is unclear from the allegations in the Complaint whether the statute of limitations would bar refiling of this case and Plaintiff, again, does not address this factor. While a potential bar based on the

statute of limitations would ordinarily weigh in Plaintiff's favor, the admittedly deliberate decision of counsel in failing to serve the Government weighs against granting a permissive extension under these circumstances. "Although a statute of limitations problem may justify relief under Rule 4(m), that factor alone is not determinative and does not make dismissal inappropriate." *In re Langston*, 319 B.R. 667, 670 (D. Utah 2005) (*citing* Advisory Committee Note to F.R.C.P. 4(m)). *See also Cloyd v. Arthur Anderson & Co., Inc.*, 25 F.3d 1056, 1994 WL 242184, at *2 (10th Cir. 1993) (unpublished table opinion) ("That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120[3] days does not mandate an extension of time under new Rule 4(m)."); *Valdez v. Chuwanti*, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case."); *Smyers v. County of Atchison, Kansas*, 2008 WL 4822062, at *4-5 (D. Kan. Nov. 4, 2008) ("The court finds that dismissal in this case is appropriate. Plaintiff waited as long as possible to file suit, bringing this action only 15 days before the statute of limitations ran. Moreover, after the case was filed, plaintiff's counsel let the 120 day service deadline expire without attempting to actually serve summons upon the defendant. . . . Had plaintiff been more diligent in prosecuting this case, the court might be inclined towards leniency; however, this is not the case."). Thus, Plaintiff's motion should be denied and the case dismissed without prejudice.

---

[3] Fed. R. Civ. P. 4, Advisory Committee Notes, Subdivision (m) ("The presumptive time for serving a defendant is reduced from 120 days to 90 days.") (effective Dec. 1, 2015).

## Conclusion

Accordingly, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that Plaintiff's Motion to Serve the Summons and Complaint Out-of-Time [Docket No. 8] be DENIED, and the case dismissed without prejudice. All objections to this Report and Recommendation must be filed within fourteen (14) days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall be limited to ten (10) pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 5th day of January, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**