IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

STEVE GOLDSMITH,

          Plaintiff,

v.

THE UNITED STATES OF AMERICA,

          Defendant.

Case No. 22-CV-226-JFH

**OPINION AND ORDER**

Before the Court is Plaintiff Steve Goldsmith's ("Plaintiff") Motion to Serve Summons and Complaint Out-of-Time ("Motion"), filed January 3, 2023. Dkt. No. 8. On January 5, 2023, Magistrate Judge Gerald Jackson issued a report and recommendation ("R&R") finding that Plaintiff's Motion should be denied. Dkt. No. 9. For the reasons stated below, the Court ACCEPTS the R&R and DENIES Plaintiff's Motion.

**BACKGROUND**

Plaintiff filed this lawsuit on August 14, 2022, asserting negligence and intentional tort claims against the United States of America ("Government") in connection with Plaintiff's medical treatment with the Veteran's Health Administration. Dkt. No. 2 at ¶¶ 5, 6. On August 15, 2022, the Court Clerk prepared and issued summonses [Dkt. Nos. 4-6], service of which Plaintiff was required to complete within ninety (90) days of filing his Complaint, or by November 14, 2022.[1] FED. R. CIV. P. 4(m). On January 3, 2023, having failed to timely serve the Government, Plaintiff filed a Motion to Serve Summons and Complaint Out of Time. Dkt. No. 8.

---

[1] Ninety (90) days from the filing of Plaintiff's Complaint fell on a Saturday; therefore, Plaintiff's service deadline was extended to the following Monday. FED. R. CIV. P. 6(a)(1)(C).

In the Motion, Plaintiff correctly notes that, under the circumstances, the Federal Rules of Civil Procedure requires the Court to either dismiss his Complaint without prejudice or order that service be made within a specified time. *Id*. at 2-3; *see also* FED. R. CIV. P. 4(m). Plaintiff additionally notes that on a showing of "good cause" for the failure, the Court "must extend the time for service for an appropriate period." *Id*.

Plaintiff argues that "good cause" exists for granting the requested relief because he was awaiting decision on a motion to dismiss a separate lawsuit against the Government (which motion was denied December 22, 2022) before serving this lawsuit.[2] Dkt. No. 8 at 2-3. More specifically, Plaintiff states that "[t]he allegations in both cases are substantially similar, and [Plaintiff] planned to file a joinder motion after the Court ruled on the motion to dismiss pending in" the earlier lawsuit.[3,4] *Id*. Alternatively, Plaintiff argues that his Motion may be granted pursuant to FED. R. CIV. P. 6(b)(1)(B) because his failure to timely serve the Government was due to "excusable neglect." *Id*. at 4-6. On January 5, 2023, Magistrate Judge Jackson issued an R&R finding that Plaintiff's explanation for the delay did not establish good cause or excusable neglect, and that a permissive extension was not warranted under applicable law. Dkt. No. 9. On the same day, this matter was reassigned to the undersigned and recaptioned. Dkt. No. 11.

Also on January 5, 2023, Plaintiff filed an objection to the R&R ("Objection") conceding that his Motion did not establish "good cause" for his failure to timely serve the Complaint. Dkt. No. 12. Despite this concession, Plaintiff re-urged his argument for a permissive extension under

---

[2] *See Goldsmith v. United States*, E.D. Okla. Case No. CIV-22-36-EFM.

[3] As Magistrate Judge Jackson noted, Plaintiff apparently did not consider that the motion to dismiss the earlier lawsuit might be granted. Dkt. No. 9 at 3, n. 2.

[4] Plaintiff explained that his delay in filing the subject Motion (from the dismissal on December 22, 2022, until January 3, 2023) was due to the "Holiday Season." Dkt. No. 8 at 4.

FED. R. CIV. P. 4(m). *Id*. Plaintiff also re-urged that his Motion may be granted under FED. R. CIV. P. 6(b)(1)(B) if the Court finds his failure to timely serve the Complaint was the result of "excusable neglect." *Id*. at 1-2. Plaintiff advanced one new explanation for his failure to timely serve his lawsuit: he confused his deadline to do so with the 180-day period provided under Oklahoma law. *Id*. at 2; *see also* OKLA. STAT. tit. 12, § 2004. The Government has not filed a response to the Objection.

## STANDARD OF REVIEW

When a party objects to an R&R, the Court is statutorily required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## AUTHORITY AND ANALYSIS

The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Additionally:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> \*\*\*
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(1)(B).

In his Objection, Plaintiff (and/or Plaintiff's counsel) concedes that the Motion did not establish "good cause" as required by FED. R. CIV. P. 4(m), and as applied and explained by the Tenth Circuit in *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995). Dkt. No. 12 at 1. Therefore, there are two (2) portions of the R&R "to which an objection is made": (i) the finding that Plaintiff was not entitled to a permissive extension under FED. R. CIV. P. 4(m) and *Espinoza*; and (ii) the finding that Plaintiff's failure to timely serve the Complaint was not the result of "excusable neglect" under FED. R. CIV. P. 6(b)(1)(B). The Court must undertake a de novo review of these two findings.

## I.     Permissive Extension (FED. R. CIV. P. 4(m)).

In his Motion, Plaintiff dedicates a mere three (3) sentences to his argument for permissive extension under FED. R. CIV. P. 4(m). Dkt. No. 8 at 4. In short, Plaintiff argues that his initial lawsuit against the Government[5] was dismissed on December 22, 2022, whereas his motion for extension was "written on January 3, 2023, which is the first working day after the Holiday Season." *Id*. The Court agrees with the R&R that Plaintiff's definition of the "Holiday Season" is arbitrary and that, more importantly, Plaintiff's argument regarding the Holiday Season is untenable because the service deadline was thirty-eight (38) *before* December 22, 2022.

The Tenth Circuit has provided guidance to district courts in deciding whether to grant a permissive extension. *See Espinoza*, 52 U.S. at 842. Namely, district courts should consider: (i) "if the applicable statute of limitations would bar the refiled action"; (ii) whether "the plaintiff has tried, but failed, to effect service upon the United States"; and (iii) "protect[ing] *pro se* plaintiffs from consequences of confusion or delay in attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 and n. 8.

---

[5] *See* note 2, *supra*.

Although Plaintiff did not address the *Espinoza* factors in any depth, the R&R did. Dkt. No. 9 at 5-6. The Court agrees with the R&R's analysis and conclusion. Plaintiff is represented by counsel and concedes that he made no attempt to effect service on the Government in advance of his deadline to do so. Dkt. No. 8 at 2; *see also* Dkt. No. 12 at 2. Therefore, the only factor potentially implicated in determining whether a permissive extension is warranted is whether "the applicable statute of limitation would bar the refiled action." *Espinoza*, 52 F.3d at 842. The R&R noted, and the undersigned agrees, that it is unclear whether the statute of limitations would bar a refiled action here because Plaintiff's Complaint does not include any facts through which the Court can deduce when his claims accrued. Dkt. No. 2. The Court declines to resolve this factor in Plaintiff's favor.

The Court finds that Plaintiff's argument for a permissive extension is inadequate. Therefore, the Court adopts the reasoning and conclusion in the R&R and declines to grant a permissive extension.

## II.  Excusable Neglect (Fed. R. Civ. P. 6(b)(1)(B)).

Plaintiff also argues that his Motion should be granted because his failure to timely serve the Government was due to "excusable neglect." Dkt. No. 8 at 4, *ff*. The United States Supreme Court first articulated the factors courts consider in determining whether a party's failure to meet a deadline constitutes excusable neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Noting the determination is an "equitable one," the *Pioneer* Court explained that these factors "include . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

In contrast to Plaintiff's argument with respect to permissive extension, Plaintiff does attempt to apply the *Pioneer* factors to the facts of this case. Dkt. No. 8 at 5. However, the Court disagrees regarding the result those factors produce.

For example, for three of the four *Pioneer* factors, Plaintiff relies on the argument that he was waiting for a decision on the Government's motion to dismiss the earlier lawsuit, which did not occur until December 22, 2022. *Id.* The Court has already rejected this argument in declining to grant a permissive extension and will not accept it here. *See Torres*, 372 F.3d at 1163 (quoting *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) ("fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.").

Moreover, the Court agrees with the R&R that Plaintiff's decision to delay service was deliberate, and deliberate tactics are not excusable. Dkt. No. 9 at 4. See *United States v. Roibal-Bradley*, 2017 WL 3052523, at *10 (D.N.M. June 20, 2017) (quotations omitted) ("Deliberate tactics do not create excusable neglect. Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party . . . rather, they are the kinds of mistakes that a party could not have protected against."); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (quoting 7 Moore, Federal Practice ¶ 60-22 [2], p. 60-182) ("Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of those consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate.").

The Court finds that Plaintiff's deliberate decision to withhold service of the Complaint in this case until decision on a motion to dismiss in a separate case does not constitute excusable neglect.

### III. Argument Raised for the First Time in Plaintiff's Objection.

Plaintiff's Objection asserts, for the first time, that Plaintiff's failure to timely serve this lawsuit was due to Plaintiff's counsel's mistaken belief that he was subject to a 180-day service deadline. Dkt. No. 12 at 2 ("In Oklahoma state courts, OKLA. STAT. tit. 12 § 2004 provides a plaintiff with 180 days to serve a summons. I thought the time limit for service under FED. R. CIV. P. 4 mirrored the time limit under state law.").

The Court need not reach the merits of this argument because Plaintiff raised it for the first time in the Objection. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) "[A]n unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate." *Id.* (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)).[6]

Under the circumstances present in this case, the Court finds that fault for Plaintiff's failure to timely serve the Complaint lies with Plaintiff alone, and that the reasons given for said failure constitute neither good cause nor excusable neglect warranting an extension of the service deadline. The Magistrate Judge did not err in his conclusion that Plaintiff's Motion is properly denied.

---

[6] Even if this argument was not waived, it would not impact the Court's decision. *See U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (internal citations omitted) ("In *Pioneer*, the Supreme Court said that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect' . . . Even after *Pioneer* adopted an equitable balancing test, several circuits have embraced the rule that the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.").

THEREFORE, the Court ADOPTS Magistrate Judge Jackson's Report and Recommendation [Dkt. No. 9], DENIES Plaintiff's Motion to Serve the Summons and Complaint Out-of-Time [Dkt. No. 8], and OVERRULES Plaintiff's Objection to the Report and Recommendation [Dkt. No. 12].

IT IS THEREFORE ORDERED that Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

Dated this 27th day of February 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE